**So Ordered.**

 *Frederick P. Corbit*
**Frederick P. Corbit**
**Bankruptcy Judge**

**Dated: February 26th, 2014**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>LAITH F. ELAIMY and ABIR S. ELAIMY,<br><br>　　　　　　　　　　Debtors. | Case No. 12-02603-FPC7<br><br>**NOT FOR PUBLICATION** |
| UNITED STATES TRUSTEE,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LAITH F. ELAIMY and ABIR S. ELAIMY,<br><br>　　　　　　　　　　Defendants. | Adversary No. 13-80013-FPC<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This case came before the court pursuant to the timely filed complaint of the U.S. Trustee in which it alleged that the discharge of the defendants, Laith F. Elaimy and Abir S. Elaimy, should be denied pursuant to 11 U.S.C. § 727(a)(2) and (4). The trial, where the two defendants were the only witnesses, took place on February 5

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ Page 1

and 6, 2014. The court has considered the testimony, the exhibits admitted at trial, the applicable legal authority, and the arguments of counsel.

## FINDINGS OF FACT

The court makes the following findings:

1. Laith Elaimy managed Niko's Gourmet, Inc. that operated a local restaurant. This corporation is closely owned by Mr. Elaimy and his wife, Abir Elaimy. The restaurant experienced financial problems and incurred significant unpaid federal taxes, past due obligations owed to Washington Trust Bank, and other debts. Many of the corporation's debts are also the personal liabilities of Laith and Abir Elaimy. These financial obligations were the impetus of the defendants filing a personal chapter 7 bankruptcy petition, in case number 12-02603, in this court on June 7, 2012.

2. In addition to managing the restaurant, Laith Elaimy has been a collector of vintage American "muscle cars" and Harley Davidson motorcycles.

3. Abir Elaimy did not participate in the operation of the restaurant, and did not share her husband's interest in cars and motorcycles.

4. Abir Elaimy worked full-time managing jewelry departments at Fred Meyer stores in Washington and Idaho.

5. In connection with their chapter 7 filing, Laith and Abir Elaimy filed schedules and other documents with this court.

6. The debtors' statements and schedules filed in their bankruptcy case contained misrepresentations and omissions, including:

a) The debtors omitted a 1967 Pontiac LeMans collector car with an approximate value of $10,000 from their Schedule B;

b) The debtors omitted a 1965 Ford Mustang collector car with an approximate value of $14,000 from their Schedule B;

c) The debtors omitted a 2004 Harley Davidson motorcycle with an approximate value of $10,000 from their Schedule B. This motorcycle was listed on the debtors' Statement of Financial Affairs in response to Question No. 10 as having been transferred in 2011 to Laith Elaimy's best friend, Chris Biggs, for $12,500.00;

d) The debtors omitted from their Schedule B their ownership of Nikos Gourmet, Inc., which owns two vehicles, a 1999 Mercedes and a 2010 Toyota FJ Cruiser with a combined approximate value of at least $29,000;

e) The debtors, who were personally liable on secured debts owed to Washington Trust Bank, omitted listing Washington Trust Bank as a secured creditor on Schedule D;

f) In Form B22A, the debtors represented Abir Elaimy's average gross monthly income from her job as a manager at Fred Meyers as $7,252.72 per month. This amount is consistent with Abir Elaimy's typical monthly gross income, but does not reflect a one-time bonus that she received in 2012 prior to April 13,

2012. However, the debtors disclosed the bonus when they filed, on their own accord, Abir Elaimy's payment advices on June 26, 2012;

g) The debtors did not timely provide monthly gross income and monthly business expenses for a smoke shop business, which was managed by Laith Elaimy;

h) The debtors omitted from their Statement of Financial Affairs the April 2011 sale of a 2003 Harley Davidson motorcycle to an unrelated third party for $6,000; and

i) The debtors omitted four collector cars (1964 Chevrolet Impala, 1966 Ford Mustang convertible, 1968 Chevrolet Camaro, and 1967 Pontiac GTO) titled in their son's name that Laith Elaimy was (and is) holding and controlling. Mr. Elaimy transferred at least three of these cars to the Elaimy's then 18 year old son approximately two years before this case was filed.

7. Laith Elaimy was the personal representative of his father's estate and, after the death of his father, Laith Elaimy transferred the title of his father's house to the debtors' oldest son. However, Laith Elaimy continues to manage and control this house, which is now rented to parties unrelated to the debtors. The debtors did not disclose Laith Elaimy's control of the house in their Statement of Financial Affairs or elsewhere.

8. Following the discovery of the misrepresentations and omissions by the trustee and creditors, the defendants amended their schedules to correct some, but not all, inaccuracies.

9. The debtors signed all documents containing these misrepresentations and omissions under oath.

10. Each of the misrepresentations and omissions described above were made by Laith Elaimy to conceal the property, income, or transaction involved from the Chapter 7 Trustee, the creditors, and this court in order to and with the intent to hinder, delay or defraud their creditors and the Chapter 7 Trustee.

11. With respect to each of the misrepresentations and omissions described above, Laith Elaimy knowingly and fraudulently made a false oath related to a material fact.

12. In connection with the bankruptcy case, Amir Elaimy did not intend to hinder, delay or defraud a creditor or an officer of the estate, nor did she knowingly make a false oath or account.

13. On February 15, 2013, the U.S. Trustee filed the complaint in this case, pursuant to 11 U.S.C. § 727(a)(2) and (4), to object to the debtors' discharge of their debts.

## CONCLUSIONS OF LAW

1. A party seeking denial of discharge under 11 U.S.C. § 727(a)(2) must show, by a preponderance of the evidence, two things: (1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property. *In re Retz*, 606 F.3d 1189 (9th Cir. 2010).

2. A party seeking denial of discharge under 11 U.S.C. § 727(a)(4) must show, by a preponderance of the evidence, that: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *Id*.

3. The U.S. Trustee has demonstrated by a preponderance of the evidence the factors necessary for this court to deny Laith F. Elaimy a discharge pursuant to 11 U.S.C. § 727(a)(2) and (4).

4. The U.S. Trustee has not shown by a preponderance of the evidence the factors necessary for this court to deny Abir S. Elaimy a discharge pursuant to 11 U.S.C. § 727(a)(2) and (4).

///END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW///